Filed 12/4/24  P. v. Ramirez CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS RAMIREZ,<br><br>    Defendant and Appellant. | A170113<br><br>(Napa County Super. Ct.<br> No. 22CR000586) |

### MEMORANDUM OPINION[1]

Defendant Jesus Ramirez appeals from a judgment following his plea of no contest to a felony—possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[2]—and two misdemeanors—participation in a criminal street gang (§ 186.22, subd. (a)) and assault and battery (§ 242).  The trial court suspended imposition of sentence and placed Ramirez on formal probation for two years under various terms and conditions, including that he serve 90 days in jail.  The court subsequently denied his request to modify his probation by allowing him to serve his jail sentence through an electronic

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Penal Code.

1

home monitoring program.  Ramirez's appointed counsel on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

On September 12, 2022, an information was filed, charging Ramirez with seven felonies:  (1) participation in a criminal street gang (§ 186.22, subd. (a); count 1); (2) possession of a concealed firearm by a gang member (§ 25400, subd. (c)(3); count 2); (3) possession of a concealed firearm by a vehicle occupant (§ 25400, subd. (a)(3); count 3); (4) possession of a concealed firearm on his person (§ 25400, subd. (a)(2); count 4); (5) carrying a loaded firearm by a gang member (§ 25850, subd. (c)(3); count 5); (6) possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6); and (7) possession of ammunition by a prohibited person (§ 30305, subd. (a); count 7).  The information also charged Ramirez with misdemeanor assault and battery (§ 242; count 8).  Finally, the information included a special street terrorism allegation as to counts 2 through 7.  (§ 186.22, subd. (b)(1)(a).)

Ramirez initially pled not guilty to all counts and denied the special allegation.  He then filed a motion to set aside the information pursuant to section 995, which the trial court denied.  On November 1, 2023, pursuant to a negotiated plea agreement, Ramirez pled no contest to counts 1, 6, and 8.  As part of the plea agreement, the court reduced count 1 from a felony to a misdemeanor under section 17, subdivision (b) and dismissed the remaining counts.  Ramirez waived his right to an appeal.

On February 8, 2024, the trial court sentenced Ramirez by suspending imposition of sentence and placing him on formal probation for two years

2

under various terms and conditions, including a 90-day jail sentence.[3]  The court imposed a $120 court security fee, a $90 criminal conviction assessment, and a $300 restitution fine.  The court also imposed but stayed a $300 restitution fine not to be imposed unless probation was revoked.  Finally, the court awarded Ramirez two days of presentence custody credit and ordered a surrender date of March 8, 2024.

On February 26, 2024, Ramirez filed a motion to modify his probation and requested that he be allowed to serve his jail sentence through an electronic home monitoring program.  The probation officer recommended that the motion be denied due to the nature and seriousness of his crimes.  After a hearing on the matter, the trial court denied the motion.  At Ramirez's request, the court extended Ramirez's surrender date to March 20, 2024 to allow Ramirez sufficient time to return from a work trip.

The *Wende* brief filed by Ramirez's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  Ramirez was apprised of his right to file a supplemental brief but did not file one.  Following *Wende* guidelines, we have conducted an independent review of the record and conclude that there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

---

[3] The trial court imposed 90 days instead of the 180-day minimum under section 186.22, subdivision (c) "in the interests of justice."

_____

CHOU, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

*People v. Ramirez* A170133

4